Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TIM CHEN, <br><br> Plaintiff, <br><br> v. <br><br> UNITED RECOVERY GROUP, INC., URG, LLC, S R L & ASSOCIATES, INC., JEREMIAH DURFEE, JOHN MICHAEL DURFEE, LORI L DURFEE, JOHN CHRISTOPHER DURFEE, JUSTIN DURFEE, BENJAMIN E BROWN, KIM ARMISTEAD <br><br> Defendants. | **COMPLAINT** <br><br> Case No: 2:12-cv-01018-DB <br><br> **JURY TRIAL DEMANDED** |

## I.  INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendants' violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

## II.  JURISDICTION

2.      Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 U.S.C. § 1331.

## III.  PARTIES

1

3. Plaintiff, Tim Chen ("Plaintiff"), is a natural person residing in Utah County, Utah.

4. Defendant, United Recovery Group, Inc., ("Defendant United") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant United regularly attempts to collect debts alleged due another.

5. Defendant, URG, LLC, ("Defendant URG") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant URG regularly attempts to collect debts alleged due another.

6. Defendant, SRL & Associates, Inc., ("Defendant SRL") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant SRL regularly attempts to collect debts alleged due another.

7. Defendant JEREMIAH DURFEE is an individual who has an ownership interest in and is directly involved with the day-to-day business of one or more of the business entities listed as Defendants in this matter. Mr. Jeremiah Durfee sanctioned or ordered the behavior of the representatives of the corporate Defendants in this matter.

8. Defendant JOHN MICHAEL DURFEE is an individual who has an ownership interest in and is directly involved with the day-to-day business of each of the business entities listed as Defendants in this matter. Mr. John Michael Durfee sanctioned or ordered the behavior of the representatives of the corporate Defendants in this matter.

9. Defendant JOHN "CHRISTOPHER" DURFEE is an individual and son of John Michael and Lori Durfee, who has an ownership interest in and is directly involved with the day-to-day business of each of the business entities listed as Defendants in this matter. Mr. John

"Christopher" Durfee sanctioned or ordered the behavior of the representatives of the corporate Defendants in this matter.

10. Defendant JUSTIN DURFEE is an individual and son of John Michael and Lori Durfee, who has an ownership interest in and is directly involved with the day-to-day business of each of the business entities listed as Defendants in this matter. Mr. John "Christopher" Durfee sanctioned or ordered the behavior of the representatives of the corporate Defendants in this matter.

11. Defendant LORI L DURFEE is an individual who has an ownership interest in and is directly involved with the day-to-day business of each of the business entities listed as Defendants in this matter. Ms. Durfee sanctioned or ordered the behavior of the representatives of the corporate Defendants in this matter.

12. Defendant KIM ARMISTEAD is an individual who has an ownership interest in and is directly involved with the day-to-day business of each of the business entities listed as Defendants in this matter. Ms. Armistead sanctioned or ordered the behavior of the representatives of the corporate Defendants in this matter.

13. Defendant BENJAMIN E. BROWN is an individual who has an ownership interest in and is directly involved with the day-to-day business of each of the business entities listed as Defendants in this matter. Mr. Brown sanctioned or ordered the behavior of the representatives of the corporate Defendants in this matter.

## IV. FACTUAL ALLEGATIONS

14. Defendants are each a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

15. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

16. All activities of Defendants set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5).

17. Within the last year, Defendants took multiple actions in an attempt to collect a debt from Plaintiff. Defendants' conduct violated the FDCPA in multiple ways, including the following.

18. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including various Defendants threatening to file suit against Plaintiff in July, 2012, where none of the Defendants actually intended to file suit against Plaintiff. On one specific occasion, SRL & Associates left a voicemail with Plaintiff stating that his file was under "legal review." On another occasion, a collector cliaiming to work for SRL & Associates stated they had sent something to a "federal employment office." On another occasion, a collector claiming to be from SRL & Assoociates threatened to contact Plaintiff's employer, Panda Express and threatened legal action. (§ 1692e(5)).

19. Falsely representing the character, amount, or legal status of Plaintiff's debt, including continuing to collect an invalid debt against Plaintiff even after Plaintiff stated and provided a police report showing that the debt had been incurred as a result of identity theft (§ 1692e(2)(A)).

20. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

21. Defendants intended to cause, by means of the actions detailed above, injuries to

Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

22.     Defendants' actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

23.     To the extent Defendants' actions, detailed in paragraphs above, were carried out by an employee of either Defendant, that employee was acting within the scope of his or her employment.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

24.     Plaintiff reincorporates by reference all of the preceding paragraphs.

25.     The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendants for violations of the FDCPA, §§ 1692e.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered separately against all Defendants for the following:

A.      Declaratory judgment that Defendants' conduct violated the FDCPA;

B.      Actual damages pursuant to 15 U.S.C. § 1692k;

C.      Statutory damages pursuant to 15 U.S.C. § 1692k;

D.      Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.      For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 31st day of October, 2012.

          **TRIGSTED LAW GROUP, P.C.**

           s/Joshua Trigsted
          Joshua Trigsted
          *Attorney for the Plaintiff*